UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADALYN M. SOULLIERE,

    Plaintiff,

CASE NUMBER: 06-14421
HONORABLE VICTORIA A. ROBERTS

v.

DETROIT RECEIVING HOSPITAL,
    Defendant.
_____/

FILED

OCT 27 2006

CLERK'S OFFICE-DETROIT-PSG
U.S. DISTRICT COURT

ORDER GRANTING REQUEST FOR
*IN FORMA PAUPERIS* STATUS, AND DISMISSING COMPLAINT

Madalyn M. Soulliere ("Soulliere"), acting *pro se*, seeks to file a case against Detroit Receiving Hospital. Ms. Soulliere requests that she be allowed to proceed *in forma pauperis*.[1]

Indigent litigants may request a waiver of filing fees under 28 U.S.C. §1915, but such requests must be accompanied by an "affidavit that includes a statement of all assets." 28 U.S.C. §1915(a)(1). Ms. Soulliere failed to provide complete information to support her motion for *in forma pauperis* ("IFP") status. In Ms. Soulliere's application, she indicates that she is employed at Fort Street First Presbyterian Church in Detroit,

---

[1] 28 U.S.C. §1915(a)(1) allows indigents to receive a waiver of filing fees:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

Michigan and receives $8.00 per hour. She fails, however, to indicate the amount of hours worked monthly.

Ms. Soulliere does indicate that she receives monthly social security income in the amount of $107.50 and social security disability income in the amount of $248.00. To date, Ms. Soulliere has $46.00 in a checking account. She does not have any assets or dependents; she estimates her monthly expenses to be approximately $700.00. Therefore, the Court finds that Ms. Soulliere has provided sufficient information to support her motion for *in forma pauperis* ("IFP") status. Because Plaintiff's monthly expenses exceed her income, the Court also finds that she is indigent. Ms. Soulliere's motion to proceed *in forma pauperis* is GRANTED.

However, her Complaint is DISMISSED; this Court lacks subject-matter jurisdiction. Plaintiff alleges that she requested a copy of her medical records from Detroit Receiving Hospital on or about October 6, 2005. Along with her request, Plaintiff submitted a money order in the amount of approximately $100.00.[2] On October 12, 2005, Plaintiff received a letter with an invoice confirming that a medical records fee was paid in full for 135 pages. Sometime thereafter, Plaintiff received the medical records.

Plaintiff alleges that her indigent status entitles her to a free copy of her medical records pursuant to the Americans with Disabilities Act ("ADA"), 42 U.SC. § 1201, *et seq.* and H.B. 4706 (Mich. 2003), Medical Records Access Act. Plaintiff requested a reimbursement of the money order submitted. She claims to have sent numerous

---

[2]Plaintiff's complaint states "I sent a money order for one hundred and something dollars . . .."

letters to Defendant in an effort to obtain a reimbursement. As of September 1, 2006, Plaintiff, however, has not received a reimbursement.

Ms. Soulliere has failed to state a cognizable claim in her Verified Complaint. Contrary to Plaintiff's assertions, the ADA does not provide a basis for relief in this case. The ADA is intended to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b). Title II of the ADA prohibits discrimination by public entities on the basis of disabilities.[3] Here, Plaintiff does not allege that Detroit Receiving Hospital failed to reimburse her on the basis of a disability in violation of section 12132. Instead, Plaintiff merely seeks this Court's assistance in obtaining the reimbursement and not prohibiting discrimination. Thus, Title II of the ADA does not provide a basis of relief.

The Medical Records Access Act does, however, provide that all records fees should be waived for "medically indigent" patients. See M.C.L.A. § 333.26269 (codifying H.B. 4607, P.A. 2004, No. 47 on April 1, 2004). A violation of the Medical Records Access Act is a state law claim arising under Michigan law. Federal courts are without jurisdiction to decide claims arising under state law absent a concomitant federal claim or the implication of significant federal issues. See 28 U.S.C. § 1331; *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005).

The Court recognizes that *pro se* complaints, such as Ms. Soulliere's, are to be

---

[3]Title II provides: No qualified individuals with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132.

3

liberally construed and "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)(quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Harris v Johnson*, 784 F.2d 222, 224 (6th Cir. 1986). However, even with a generous reading of the allegations in her complaint, the Court is unable to discern any claims with a rational or arguable basis in law over which this Court has jurisdiction. Therefore, the Court **DISMISSES** Ms. Soulliere's complaint, *sua sponte*, pursuant to 28 U.S.C. §§ 1331, 1332 and Fed. R. Civ. P. 12(h)(3).

**IT IS SO ORDERED.**

Dated: OCT 2 3 2006

VICTORIA A. ROBERTS
**UNITED STATES DISTRICT COURT**